# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONNA HALL-LOPEZ, )
)
          Plaintiff, )
)
v. )
) Case No. 20-2017-HLT-KGG
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
)
          Defendant. )
_____)

## <u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff's Motion to Compel (Doc. 56) relating to Defendant's responses to Plaintiff's Second Request for Production of Documents is now before the Court. For the reasons set forth below, Plaintiff's motion is **DENIED**.

This case results from an automobile accident between Plaintiff and Isaura Betancourt. Plaintiff settled her claims against Ms. Betancourt and, in the present action, seeks to recover underinsured motorist benefits for the injuries she suffered in the accident under her insurance policy issued by Defendant.

At issue in the present motion are Defendant's Responses to Plaintiff's Second Request for Production of Documents. (Doc. 60-5.) These 11 requests

seek unredacted copies of a different page from Defendant's claim file.1   (Doc. 56, at 2-5; *see also* Doc. 60-5.)

It is undisputed that the claim file, with certain redactions, was originally produced by Defendant on March 31, 2020, as part of its initial disclosures.2 (Doc. 60, at 1-2.)   On April 22, 2020, Defended served its responses to Plaintiff's First Request for Production of Documents, which sought discovery of the claim file.   (*Id*., at 2.)   Defendant objected to producing portions of the claim file protected from disclosure by the work product doctrine, referencing its privilege log as well as its March 31, 2020, production of the redacted claim file. (*Id*.)   It is undisputed that Plaintiff did not file a motion to compel as to these productions by Defendant.

On October 29, 2020, Plaintiff's counsel requested that Defendant provide unredacted copies of these 11 pages from the claim file – the redacted versions of which had been produced seven months earlier.   (*Id*. (citing Doc. 60-3, Doc. 60-4).)   As correctly stated by Defendant, "[a]t that time, 213 days had passed since [Defendant] produced its claim file, including these 11 pages, and its

---

1 The pages at issue are Bates numbered SF00379, SF00394, SF00396, SF00419, SF00420, SF00428, SF00636, SF00638, SF00639, SF00640, and SF00641.
2 Defendant contends out of 4,640 pages of claim file materials produced to Plaintiff, only 23 were fully or partially redacted.

privilege log in conjunction with its Rule 26 Initial Disclosures and 191 days had passed since [its] response to Plaintiff's First Request for Production of Documents." (*Id.*)

Defendant contends that thereafter, "in an apparent attempt to circumvent this Court's procedures and the requirements set forth in Local Rules Plaintiff immediately served [Defendant] with her Second Request for Production of Documents the sole purpose of which was to obtain such 11 pages with redactions removed." (*Id.*, at 2-3 (citing Doc. 60-4, 60-5.)  Defendant objected to each of the requests as "asked and answered" and seeking materials protected by the work product doctrine. (Doc. 60-5.)  Without waiving these objections, and as to each document request, Defendant directed Plaintiff to the "documents and privilege log produced on March 31, 2020[,] in conjunction with Defendant's Rule 26 Disclosures and Defendant's response to request no. 1 of Plaintiffs First Request for Production of Documents on April 22, 2020." (*Id.*) In essence, Defendant contends that Plaintiff failed to file a motion to compel when the redacted documents were produced through discovery and thus waived the right to do so.

It is uncontested that the Scheduling Order in this case specifically states that

> [a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived.   See D. Kan. Rule 37.1(b).

(Doc. 13, at 9.)   Without making any substantive argument or citing relevant authority, Plaintiff merely states that "Defendant's contention" as to the waiver "is irrelevant."   (Doc. 56, at 5.)

Defendant responds that the document requests at issue, which seek the unredacted version of these documents that were produced months ago, are "but an attempt to work around the requirements set forth in Local Rule 37.1(b) and the mandates of this Court's Scheduling Order.   Such course of action is improper:   if it were permissible, it would render both the rule and the order moot."   (Doc. 60, at 5.)

The Court agrees.   Plaintiff had 30 days from service of the redacted documents to move to compel the unredacted versions.   The latest Plaintiff could have timely filed a motion to compel would have been 30 days after Defendant's response to Plaintiff's First Request for Production of Documents, which sought discovery of the claim file.   Plaintiff did not move within this

timeframe and has made no attempt to establish good cause why the present motion should be allowed after the expiration of the deadline to do so.   D. Kan. Rule 37.1.   Plaintiff's motion is, therefore, **DENIED**.3

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 56) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 29th day of January, 2021.

   s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

---

3 By reaching this conclusion, the Court need not address the validity of Defendant's work product objection.